**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KOKOU CHARDEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-07-0053 |
| | § | |
| ALBERTO GONZALES, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Kokou Chardey filed a habeas corpus petition in this court on January 4, 2007. Chardey, a citizen of Togo, is in the United States on an expired visa. On April 28, 2004, an immigration judge ordered Chardey's removal from this country. The Bureau of Immigration Appeals dismissed Chardey's appeal on May 26, 2005 and the Bureau of Immigration and Customs Enforcement ("ICE") incarcerated him on May 15, 2006. Chardey did not pursue additional appeals from the removal order, which became final in late June 2005. Chardey has been in ICE custody since May 15, 2006. In this petition, he seeks release from custody pending his removal from the United States. Chardey argues that under the Supreme Court's opinion in *Zadvydas v. Davis*, 533 U.S. 678 (2001), his continued detention violates 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment. He argues that he is not a flight risk, has been in custody longer than six months, and his removal is not reasonably foreseeable because no transit visa has issued.

On February 8, 2007, ICE issued Chardey a "Decision to Continue Detention" letter, stating it his removal from this country would occur "in the reasonably foreseeable future," and that he would remain in custody until that time. (Docket Entry No. 11). On February 16, 2007, Chardey filed an emergency motion in this court, seeking to stay his removal on the ground that if he is returned to Togo, his life will be in danger. (Docket Entry No. 12). Chardey states that the United States has granted asylum to each member of his family, except him. The respondent opposes the motion to stay, (Docket Entry No. 13),[1] arguing that this court lacks jurisdiction.

Chardey's habeas petition does not challenge the removal order, but rather the order to continue detention pending his removal. Chardey states in a letter filed with this court on February 28, 2007 that he did not intend his emergency motion to stay removal as a request to stay his deportation or to review the removal order. Instead, Chardey asserts that the emergency motion to stay removal was another attempt to gain release from custody pending his removal. (Docket Entry No. 15).

The REAL ID Act divests federal district courts of jurisdiction over the habeas petitions of aliens. Under section 106 of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive

---

[1] Chardey also complains of inadequate medical care and requests diagnosis and treatment of a painful bacterial infection in his blood stream. (Docket Entry No. 14). Chardey states that ICE has refused to take him to a hospital to receive medical attention, that he continues to endure stomach and respiratory difficulties, and that the only treatment he has received to date has been an undisclosed medication he has taken since his incarceration. (Docket Entry No. 14). The government's time to respond to this claim has not yet expired. This court will defer ruling on this motion until the government has had time to respond.

2

means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(5); *see Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735–36 (5th Cir. 2005). Under the REAL ID Act, this court has no authority to interfere in removal proceedings and lacks jurisdiction to stay Chardey's removal. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). The motion to stay Chardey's removal is denied for want of jurisdiction.

The Real ID Act left intact a district court's ability to adjudicate an alien's claim for unconstitutional detention. *See, e.g.*, *Gul v. Rozos*, 163 Fed. App'x 317, 2006 WL 140540, at *1 (5th Cir. 2006). Because Chardey challenges his continued detention, rather than the validity of the removal order, this court has jurisdiction to consider his habeas petition under 28 U.S.C. § 2841.

Once an alien is "ordered removed," the Immigration and Nationality Act states that the Attorney General is obligated to effect the removal within 90 days. 8 U.S.C. § 1231(a)(1)(A). After a removal order becomes final and during the 90-day removal period, aliens must be held in custody. 8 U.S.C § 1231(a)(2). An alien may be detained beyond the 90-day period if he is inadmissible under 8 U.S.C. § 1182, removable under certain provisions of 8 U.S.C. § 1227, or is a risk to the community or unlikely to comply with the removal order. 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that the post-removal-order detention statute, 8 U.S.C. § 1231(a)(6), implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 688–98.

The Court stated that the statute does not permit indefinite detention. *Id. Zadvydas* created a "6-month presumption" of the validity of detention under § 1231, after which an alien may attack the reasonableness of his continued detention by showing that there is no significant likelihood of removal in the reasonably foreseeable future. The government then has the burden to rebut the presumption that after six months, continued detention is unreasonable. *Id.* at 697–702.

Chardey asserts that there has been difficulty in obtaining the necessary transit papers to effect his removal. He asserts that he was able to get the necessary paperwork from the Togolese consulate but not from the French consulate. The Republic of Togo gained its independence from a French-administered United Nations trusteeship on April 27, 1960.[2] It is unclear why Chardey's removal requires transit documents from France. Chardey also asserts that it is unlikely that he will be able to obtain the documents necessary to effect his removal from the United States in the foreseeable future. "There is no way that my country will issue me a passport and no country recognize [sic] our laisser passer. It is unlikely that I will be deported to Togo in the reasonably foreseeable future."[3] (Docket Entry No. 11).

The respondent relies on the February 8, 2007 letter from ICE that states, "ICE expects that your removal will occur in the reasonably foreseeable future." (Docket Entry No. 11). Neither the letter nor the government's response to Chardey's motion for a stay

---

[2] *See* http://www.state.gov/r/pa/ei/bgn/5430.htm.

[3] A "laisser passer" is an emergency travel document issued by the Togolese government to persons who for whatever reason are unable to document their citizenship.

4

provide further explanation for the assertion that Chardey's removal will occur "in the reasonably foreseeable future." Without additional information, this court is unable to decide whether Chardey's continued detention is in violation of his statutory and due process rights.

No later than **March 30, 2007**, this court orders the respondent to show the basis for asserting that Chardey's removal from the United States will occur in the "reasonably foreseeable future." The respondent must explain what travel documents are necessary to effect Chardey's removal, the status of obtaining those documents, the likelihood that any missing documents will be obtained, when that is likely to occur, and whether the documents present an obstacle to removal. Chardey's response is due by **April 13, 2007.**

SIGNED on March 19, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge