IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOKOU CHARDEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-07-0053 |
| | § | |
| ALBERTO GONZALES, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner Kokou Chardey has been in the Bureau of Immigration and Customs Enforcement (ICE) custody since May 15, 2006. Chardey is a citizen of Togo and is in the United States on an expired visa. Chardey filed a writ of habeas corpus on January 4, 2007, seeking his release from custody under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2000). He argues that his continued detention is in violation of his substantive and procedural due process rights under the Fifth Amendment and the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(1)(A).[1] The respondent submitted to the court a letter

---

[1] Chardey also alleges that he has been subject to inadequate medical treatment while in ICE custody. (Docket Entry No. 14). Chardey raised this allegation for the first time in a letter to this court on February 21, 2007. The respondent has argued, and this court agrees, that because Chardey has failed to exhaust his administrative remedies for this claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2675(a), this court lacks jurisdiction to hear the claim. *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006) (citing 28 U.S.C. § 2401(b)). Chardey's claim of inadequate medical care is dismissed without prejudice for failure to exhaust administrative remedies. Chardey may file an administrative claim with the appropriate agency within sixty days of this opinion. 28 U.S.C. § 2679(d)(5)(A)–(B) (ensuring that a plaintiff, "though no doubt inconvenienced, will not be prejudiced by her failure to first file an administrative claim with the appropriate federal agency within the two-year time period." *Warren v. Joyner*, 996 F. Supp. 581, 584 (S.D. Miss. 1997)).

dated February 8, 2007 from ICE stating that Chardey's removal from the United States would occur "in the reasonably foreseeable future," and that ICE would continue to detain him until his removal. In a memorandum and order issued March 19, 2007, this court ordered the respondent to provide the basis on which it believed that Chardey's removal was to occur in the reasonably foreseeable future. The respondent has complied with that order and has moved for summary judgment, (Docket Entry No. 17). Chardey has responded, (Docket Entry No. 18). Based on a careful review of the motion, the response, the submissions, the record, and the applicable law, this court grants the respondent's summary judgment motion, dismissing Chardey's habeas petition. The reasons for this decision are set out below.

**I.      Analysis**

Once an alien is "ordered removed," the Immigration and Nationality Act states that the Attorney General is obligated to effect the removal within 90 days. 8 U.S.C. § 1231(a)(1)(A). After a removal order becomes final and during the 90-day removal period, aliens must be held in custody. 8 U.S.C. § 1231(a)(2). An alien may be detained beyond the 90-day period if he is inadmissible under 8 U.S.C. § 1182, removable under certain provisions of 8 U.S.C. § 1227, or is a risk to the community or unlikely to comply with the removal order. 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that the post-removal-order detention statute, 8 U.S.C. § 1231(a)(6), implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 688–98.

The Court stated that the statute does not permit indefinite detention. *Id. Zadvydas* created a "6-month presumption" of the validity of detention under § 1231, after which an alien may attack the reasonableness of his continued detention by showing that there is no significant likelihood of removal in the reasonably foreseeable future. The government then has the burden to rebut the presumption that after six months, continued detention is unreasonable. *Id.* at 697–702.

Attached to the summary judgment motion is the declaration of Lawrence Carl Lenoir, a deportation officer with ICE. (Docket Entry No. 17, Ex. A). Lenoir provides the following basis for believing that Chardey's removal will occur in the reasonably foreseeable future: On July 17, 2006, the Togolese embassy issued Chardey, who does not have a valid passport, a *laisser passer*—an emergency travel document—for his return to Togo. ICE had difficulty booking a flight for Chardey from the United States to Togo at that time because most flights to Togo are directed through France, which requires that persons entering the country have a passport. France does not allow entry into the country with a *laisser passer*. While ICE was searching for alternative routes to Togo, Chardey's *laisser passer* expired. ICE has now identified an acceptable route for Chardey's removal that would not require a passport: Houston, Texas to Amsterdam; Amsterdam to Ethiopia; and Ethiopia to Togo. Persons traveling through Amsterdam, and Ethiopia, and into Togo are required only to have valid *laisser passers*, not passports. ICE anticipates that the Togolese embassy will issue Chardey a valid *laisser passer* by early June 2007. Lenoir further bases his belief that Chardey's

removal will occur in the reasonably foreseeable future on the fact that ICE successfully removed or deported nineteen Togolese citizens to that country in 2005 and sixteen in 2006.

Chardey has not provided a basis to controvert the showing of a significant likelihood of his removal in the reasonably foreseeable future. It is expected that the Togolese embassy will issue the necessary travel documents within the next two months. Chardey's reliance on the fact that no travel documents have yet issued, despite ICE's efforts to secure them, is insufficient to demonstrate a significant likelihood that his removal will not occur in the reasonably foreseeable future. *See Gonzalez v. Bureau of Immigration & Customs Enforcement*, No. 1:03-CV-178-C, 2004 WL 839654 (N.D. Tex. Apr. 20, 2004) (finding that conclusory allegations that the government was not diligently attempting to effect his removal were insufficient to meet the petitioner's burden of proof). Lenoir states that ICE has successfully obtained travel documents from the Togolese government in the recent past and there is no indication that there are any institutional barriers to obtaining those documents again in the near future. ICE has acquired such documents on behalf of Chardey as recently as July 2006.

This court finds that on this record, Chardey's continued detention does not violate his constitutional rights. The petition for writ of habeas corpus is dismissed without prejudice to the right to file a new petition if circumstances change.

## II.     Conclusion

The respondent's summary judgment motion is granted.  This petition is dismissed.

SIGNED on April 30, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge